UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

————————————————————————————

THOMAS KURTZ, et al.,

                              Plaintiffs,


                v.                                          9:24-CV-0073
                                                            (AMN/DJS)


THE STATE OF NEW YORK, et al.,

                              Defendants.

————————————————————————————

APPEARANCES:

THOMAS KURTZ
Plaintiff, pro se
23-B-2545
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403


JESSICA APPLEGATE-BISHOP
Plaintiff, pro se


ANNE M. NARDACCI
United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

        This action was purportedly commenced by pro se plaintiffs Thomas Kurtz, also

known as T. Kurtz-Schumacher ("Kurtz"), and Jessica Applegate-Bishop ("Applegate-

Bishop"), pursuant to 42 U.S.C. § 1983 ("Section 1983").  Dkt. No. 1 ("Compl.").[1]  Only Kurtz

_____

        [1]  This action was commenced in the Eastern District of Pennsylvania.  By Order entered on January 16,
2024, this action was transferred by the Honorable Gerald A. McHugh to this District.  Dkt. No. 3.

has signed the complaint and provided a mailing address for future communication, and neither plaintiff has paid the required filing fee or submitted the documents required to proceed in forma pauperis ("IFP").

## II.   DISCUSSION

### A.   Filing Fee Requirement

A civil action is commenced in federal district court "by filing a complaint."  Fed. R. Civ. P. 3.  The filing fee of $405.00 must also be paid at the time an action is commenced, unless a completed IFP application is submitted to the Court.  *See* 28 U.S.C. §§ 1914(a), 1915(a). The federal statute governing applications to proceed in forma pauperis in federal court, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, provides, in pertinent part with respect to incarcerated individuals, that an IFP application must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).[2]  In accordance with Local Rule 5.1.4, an incarcerated individual seeking in forma pauperis status in a civil action subject to the PLRA may satisfy this requirement by submitting a completed, signed, and certified IFP application.[3]  N.D.N.Y. L.R. 5.1.4(b)(1)(A).

---

[2]  A non-incarcerated individual seeking to proceed IFP is not required to submit any sort of account statement, but instead must submit with any such request "an affidavit that includes a statement of all assets" the individual possesses, and "that the person is unable to pay such fees or give security therefor."  *See* 28 U.S.C. § 1915(a).

[3]  A "certified" IFP application is one on which the Certificate portion at the bottom of page two of the form IFP application has been completed and signed by an appropriate official at the incarcerated individual's facility.  The Certificate portion of the IFP application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.

The PLRA also requires an incarcerated individual who brings a civil action or files an appeal in forma pauperis to "pay the full amount of a filing fee."  28 U.S.C. § 1915(b)(1). According to the statute, the filing fee is paid over time from funds available in the plaintiff's prison account.[4]

United States District Judge Lawrence E. Kahn of this District has previously concluded that the fact that there are multiple plaintiffs in an action does not reduce or otherwise negate the obligation imposed on each plaintiff to pay the filing fee under 28 U.S.C. § 1915(b)(1).  *See Ashford v. Spitzer*, No. 9:08-CV-1036 (Decision and Order filed Mar. 16, 2010, Dkt. No. 127) (holding that, in an action filed by multiple prisoners proceeding in forma pauperis, each of the six plaintiffs "must individually comply with the [terms of] Section 1915(b)(1) which requires a prisoner to pay the full amount of the filing fee for any civil action commenced.");[5] *see also Razzoli v. Executive Office of U.S. Marshals*, No. 10-CV-4269, 2010 WL 5051083, at *3 (E.D.N.Y. Dec. 2, 2010) (holding that where there are multiple prisoner plaintiffs, each must comply with the requirements for seeking in forma pauperis status); *Amaker v. Goord*, No. 09-CV-0396, 2009 WL 1586560, at *2 (W.D.N.Y. June 4, 2009) (holding that each plaintiff prisoner must file an in forma pauperis application

---

[4]  In furtherance of this requirement, the Northern District of New York requires all inmates to submit, in addition to a fully completed, certified IFP application, the authorization form issued by the Clerk's Office.  *See* N.D.N.Y.L.R. Rule 5.4(b).  The inmate authorization form authorizes periodic withdrawals in respect of the filing fee and acknowledges the inmate plaintiff's obligation to pay the entire $350.00 filing fee "regardless of the outcome of my lawsuit."

[5]  The proper application of the requirement set forth in 28 U.S.C. § 1915(b)(1) that each prisoner plaintiff who seeks in forma pauperis status be required to pay "the full amount of the filing fee" to an action brought by multiple plaintiffs was discussed at length in *Ashford*.  *See Ashford* (Decision and Order filed March 16, 2012, Dkt. No. 127 at 3-9).  "Absent specific instruction from the Second Circuit, and after reviewing the decisions of the various Circuits that have addressed the issue, [Judge Kahn] found that those cases concluding that prisoners may file joint actions but must each pay the full filing fee appear to be better reasoned."  *Ashford* (Decision and Order filed March 16, 2012, Dkt. No. 127 at 9).

and inmate authorization form) (citing cases).  The Court agrees with this conclusion.

Accordingly, for this case to proceed on behalf of both Kurtz and Applegate-Bishop, both of them must, within thirty (30) days from the filing date of this Decision and Order, **either (a)** pay the Court's filing fee of four hundred and five dollars ($405.00) in full, **or (b)** submit a properly completed and signed IFP application.  In the case of Kurtz, because he is incarcerated, his IFP application must be certified or accompanied by appropriate account statements, and submitted with a signed inmate authorization form reflecting his consent to pay the $350.00 filing fee over time, in installments.[6]

## B.    Obligation to Sign Documents and Provide an Appropriate Address

Rule 11(a) of the Federal Rules of Civil Procedure states:

> (a) Signature. Every pleading, written motion, and other paper
> must be signed by at least one attorney of record in the attorney's
> name—or by a party personally if the party is unrepresented . . . .
> The court must strike an unsigned paper unless the omission is
> promptly corrected after being called to the attorney's or party's
> attention.

Fed. R. Civ. P. 11(a).  Local Rule 10.1(c)(2) also requires that all documents submitted to the Court include the original signature and address of the pro se litigant.  These requirements are particularly necessary in a multi-plaintiff action to ensure that all identified plaintiffs wish to pursue the action as presented.

Accordingly, in addition to satisfying the filing fee obligation, Applegate-Bishop must also sign a certification, which shall serve as an original signature on the complaint for the

---

[6]  The total cost for filing a civil action in this court is $405.00 (consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $55.00).  A party granted in forma pauperis status is not required to pay the $55.00 administrative fee; however, any individual granted in forma pauperis status is required to pay the full amount of the $350.00 filing fee, regardless of the outcome of the action.  *See* 28 U.S.C. § 1915(b)(3).

purposes of Rule 11 of the Federal Rules of Civil Procedure and Rule 10.1(c)(2) of the Local Rules of Practice of for the Northern District of New York, if she wishes to proceed as a plaintiff in this action.[7]

## III.   CONCLUSION

Until such time as each of the purported plaintiffs complies with the terms of this Decision and Order, review of the complaint would be premature.  Thus, for this case to proceed on behalf of both plaintiffs, they must each take the applicable steps outlined herein.

Plaintiffs are advised that if either of them fails to fully comply with this Decision and Order within thirty (30) days from the filing date hereof, he or she will be dismissed as a party to this action without prejudice and without further order of this Court.

**WHEREFORE**, it is hereby

**ORDERED** that if Kurtz wishes to proceed as a plaintiff in this action, he must, **within thirty (30) days** from the date of the filing of this Decision and Order, **either (1)** pay the Court's filing fee of four hundred and five dollars ($405.00) in full, **or (b)** submit a completed, signed and certified IFP application **and** a signed inmate authorization form reflecting his individual consent to pay the $350.00 filing fee over time, in installments;[8] and it is further

**ORDERED** that if Applegate-Bishop wishes to proceed as a plaintiff in this action, she must do the following **within thirty (30) days** from the date of the filing of this Decision and Order: (1) sign a certification, which shall serve as an original signature on the complaint for the purposes of Rule 11 of the Federal Rules of Civil Procedure and Rule 10.1(c)(2) of the

---

[7]  Because the Court does not have a mailing address for Applegate-Bishop, the Court must await receipt of this information from Kurtz before sending her a certification form for her completion.

[8]  As noted, certified account statements may be submitted in lieu of the completed Certificate portion of the IFP application.  *See* 28 U.S.C. § 1915(a)(2).

Local Rules of Practice of for the Northern District of New York; and (2) **either (i)** pay the Court's filing fee of four hundred and five dollars ($405.00) in full, **or (ii)** submit a properly completed and signed IFP application; and it is further

**ORDERED** that if, within the time period specified above, either plaintiff fails to comply with the terms of this Decision and Order delineated above, the non-compliant individual will be **dismissed from this action without prejudice without further Order of this Court**; and it is further

**ORDERED** that upon full compliance with this Decision and Order or at the expiration of time set to comply, whichever is earlier, the Clerk shall return this file to the Court for further review; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiffs must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. **Each plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his or her address; his or her failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk shall serve two copies of this Decision and Order on Kurtz, along with a copy of the complaint, a blank IFP application, and a blank inmate authorization form; and it is further

6

**ORDERED** that Kurtz must promptly provide the Court with a mailing address for

Applegate-Bishop.

**IT IS SO ORDERED.**

Dated: <u>January 29, 2024</u>
       Albany, NY

Anne M. Nardacci
U.S. District Judge