UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

THOMAS KURTZ,

                                        Plaintiffs,

                                                                    9:24-CV-0073
        v.                                                          (AMN/DJS)

THE STATE OF NEW YORK, et al.,

                                        Defendants.

_____

APPEARANCES:

THOMAS KURTZ
Plaintiff, pro se
553816
STARC OAKVIEW
PO Box 300
Marcy, NY 13403


ANNE M. NARDACCI
United States District Judge

**DECISION and ORDER**

**I.      INTRODUCTION**

        This action was purportedly commenced by pro se plaintiffs Thomas Kurtz, also known

as T. Kurtz-Schumacher ("Kurtz"), and Jessica Applegate-Bishop ("Applegate-Bishop"),

pursuant to 42 U.S.C. § 1983 ("Section 1983").  Dkt. No. 1 ("Compl.").  Only Kurtz signed the

complaint and provided a mailing address for future communication, and neither plaintiff paid

the required filing fee or submitted the documents required to proceed in forma pauperis

1

("IFP").  By Decision and Order entered on January 29, 2024, the Court directed the plaintiffs to each comply with the filing fee requirement within thirty days if they wished to proceed with this action, and further directed Applegate-Bishop to sign a certification pursuant to Rule 11 of the Federal Rules of Civil Procedure based on her failure to sign the complaint.  Dkt. No. 5 ("January 2024 Order").

Following the issuance of the January 2024 Order, Kurtz filed an application to proceed IFP, along with the inmate authorization form required in this District.  *See* Dkt. No. 7 ("Kurtz IFP Application"); Dkt. No. 8 ("Kurtz Authorization Form").

By Decision and Order entered on May 21, 2024, this Court dismissed Applegate-Bishop as a party to this proceeding, conditionally granted the Kurtz IFP Application, and dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), 28 U.S.C. § 1915A(1), and for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8.  Dkt. No. 10 ("May 2024 Order").  In light of Kurtz's pro se status, he was afforded thirty (30) days to file an amended complaint.  *Id*. at 9-11.

Presently before the Court is a document filed by Kurtz, which purports to be an amended complaint, but also seemingly seeks reconsideration of the May 2024 Order.  Dkt. No. 11.[1]

## II.     REQUEST FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening

---

[1] The cover page of plaintiff's submission lists the "inclosed [sic]" documents, which includes "amended complaints[,]" a "map" of certain property.  Dkt. No. 11 at 1.  Although "motion for reconsideration" is not listed as one of the enclosures, the top of the eighth page of plaintiff's submission contains the following header: "Motion for reconsideration of amended complaints[.]"  *Id*. at 8.

change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Although plaintiff's submission is far from a model of clarity, he appears to argue that the Court erred in dismissing his co-plaintiff from this action because he is "licensed to practice law in the State of New York." *See* Dkt. No. 11 at 7-8. Plaintiff further alleges that he graduated from "Cornell University Colombia [sic] Law[,]" and identifies his "bar roll number" as "1470625[.]" *Id.* at 7.

As an initial matter, Applegate-Bishop was dismissed from this action not only because she did not sign the complaint, but also because she failed to comply with the filing fee requirement. Thus, plaintiff's alleged status as a licensed attorney is not, by itself, a reason to reinstate Applegate-Bishop as a plaintiff in this action.

Furthermore, the New York State Unified Court System website maintains, among other things, a searchable record of registered attorneys in New York. *See* https://iapps.courts.state.ny.us/attorneyservices/search (last visited July 16, 2024). Upon

3

review of that website, it is clear that plaintiff is not in fact a licensed attorney.[2]  In other words, plaintiff's sole basis for reconsideration of the May 2024 Order is frivolous.

Thus, insofar as plaintiff seeks reconsideration of the May 2024 Order, his request is denied in its entirety.

## III.   SUFFICIENCY OF THE AMENDED COMPLAINT

### A.   The Complaint and May 2024 Order

In his original complaint, plaintiff named the State of New York, the American Medical Academy, and two District Courts as defendants, and presented incoherent allegations of wrongdoing, which failed to explain, in any respect, how any of the named defendants may have violated his rights under federal law.  *See generally* Compl.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's Section 1983 claims were dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), 28 U.S.C. § 1915A(b)(1), and for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8.  *See* May 2024 Order at 8-10.

### B.   Review of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the review

---

[2] Pursuant to Fed. R. Evid. 201, a court may at any stage of a proceeding take judicial notice of "a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." This includes "information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'"  *Doron Precision Sys., Inc. v. FAAC, Inc*., 423 F. Supp. 2d 173, 179 n. 8 (S.D.N.Y. 2006) (quoting prior version of Fed. R. Evid. 201(b) amended in 2011 as part of the restyling of the Evidence Rules).  The accuracy and authenticity of the New York State Unified Court System's website cannot reasonably be questioned.

of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the May 2024 Order and will not be restated herein.  *See* May 2024 Order at 4-6.

Aside from the two pages of plaintiff's submission wherein he appears to seek reconsideration of the May 2024 Order, the document consists of over thirty handwritten pages, which are comprised of incoherent statements, confusing references to lawsuits, statutes, and websites, and hand drawn property maps.  *See generally*, Dkt. No. 11.  By way of example only, plaintiff alleges that "[t]he car that plaintiffs are suing for contract violations and amendment disregard to the coad [sic] conduct of police in the C-20 Bill . . . because [the] police[ ] fail[ed] to report overturned vehicle in Tompkins New York of plaintiffs [sic] friend[.]"  *Id*. at 12.  In the very next sentence, plaintiff alleges, "Both state police and sheriffs are looking into a shooting at that plaintiff has no legal obligation to talk about with the Bills of Fed Civil Practice Law."  *Id*.  The pleading then references other lawsuits, the legality of being part of "a militia[,]" and two sentences later discusses "[t]he congrigational [sic] church . . . from Pennsylvania" that plaintiff attended with his former co-plaintiff as a child, which he claims is somehow involved -- with "police" in Broome County, New York and other churches -- in "laundering" "Christmas gifts" and other donations.  *Id*. at 13.

As with the original complaint, the amended complaint fails to clearly explain the basis for plaintiff's lawsuit, or where and when any alleged violation(s) of plaintiff's federal rights may have occurred.  Thus, the Court has no basis to plausibly infer that this action is even timely and properly venued in this District.

Furthermore, Rule 8(a) of the Federal Rules of Civil Procedure expressly requires a pleading to include "a short and plain statement of the claim showing that the pleader is

entitled to relief" and "a demand for the relief sought[.]"  In this case, the amended complaint does not contain a list of defendants or otherwise identify any state actor who allegedly violated plaintiff's federal rights, and the allegations in the amended complaint fail to provide any indication that plaintiff is entitled to any measure of relief in this action.[3]  In addition, as noted above, at least some of the statements in plaintiff's submission are blatantly frivolous.

Finally, insofar as plaintiff has reasserted Section 1983 claims against the State of New York or any state agencies, the Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity."  U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.");  *Hans v. Louisiana*, 134 U.S. 1, 10-21 (1890);  *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997);  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit.  *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009).

It is well-settled that Congress did not abrogate states' immunity through Section 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived

---

[3] Rule 10(a) of the Federal Rules of Civil Procedure requires "the title of the complaint" to "name all the parties." As other courts have noted, it is not the Court's place to add officials referenced in the body of the pleading to an action as defendants based on an assumption that plaintiff intended for such individuals to be parties.  *See, e.g., Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (the failure to name a party in the caption makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims").

its immunity from suit on the claims asserted in plaintiff's amended complaint.  *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. State of New York*, No. 5:93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996). Furthermore, state immunity extends not only to the states, but also to state agencies.  *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 142-47 (1993); *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'"); *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999) ("An official arm of the state enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself."); *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (affirming dismissal of Section 1983 claims against DOCCS on Eleventh Amendment grounds).  Accordingly, any intended federal claims against the State of New York and/or a state agency are barred by the Eleventh Amendment.[4]

In light of the foregoing, the amended complaint is dismissed without pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), 28 U.S.C. § 1915A(b)(1), and for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  *See Mendes Da Costa v. Marcucilli*, 675 Fed. App'x 15, 17 (2d Cir. 2017) (affirming district court's dismissal of

---

[4] **Error! Main Document Only.**In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution.  Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law, and (b) seeks relief properly characterized as prospective."  *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *see also Santiago*, 945 F.2d at 32 (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities).  In this case, the amended complaint lacks allegations which plausibly suggest that plaintiff is experiencing an ongoing violation of federal law and does not seek relief that may be characterized as prospective.

amended complaint "as frivolous and running afoul of Rule 8"); *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) ("It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation.").

III.  **CONCLUSION**

   **WHEREFORE**, it is hereby

   **ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim upon which relief may be granted, and for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The Clerk is directed to terminate the defendants and close this case; and it is further

   **ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: <u>July 19, 2024</u>
       Albany, NY

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge

8